IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| V. | § | Criminal Action No. 4:23-cr-00035-ALM-BD |
| GRACIELA CAROLINA MUNOZ-PAZ (1) | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Now before the court is the request for revocation of Defendant Graciela Carolina Munoz-Paz's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on September 15, 2025, to determine whether Defendant violated her supervised release. Defendant was represented by Michelle Allen-McCoy. The Government was represented by Michael Andrew Anderson.

Defendant was sentenced on May 1, 2024, before The Honorable Amos L. Mazzant, III of the Eastern District of Texas after pleading guilty to the offense of Possession of Stolen Mail, a Class D felony. This offense carried a statutory maximum imprisonment term of 5 years. The guideline imprisonment range, based on a total offense level of 8 and a criminal history category of I, was 0 to 6 months. Defendant was subsequently sentenced to Time Served followed by a 3 year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; no new credit; no gambling; alcohol abstinence; substance abuse testing and treatment; mental health treatment; not possess, send or distribute any mail other than your true legal name; not possess any identifying information or documents other than your true legal name; not possess credit cards, debit cards, or checks in any name other than true legal name and $100 special assessment fee. On May 1, 2024, Defendant

REPORT AND RECOMMENDATION – Page 1

completed her period of imprisonment and began service of the supervision term.

On May 1, 2025, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #42, Sealed). The Petition asserts that Defendant violated one (1) condition of supervision, as follows: (1) <u>Standard Condition</u> Defendant must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced, unless the probation officer instructs you to report to a different probation office or within a different time frame. (Dkt. #42 at p. 1, Sealed). The Petition alleges that Defendant was released from custody on May 3, 2024; that upon her release, she failed to report to the U.S. Probation Office within 72 hours; and that her whereabouts were unknown. (Dkt. #42 at p. 1, Sealed).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to the allegation in the Petition. Having considered the Petition and the plea of true to allegation 1, the court finds that Defendant did violate her conditions of supervised release.

Defendant waived her right to allocute before the District Judge and her right to object to the report and recommendation of this court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that she be sentenced to time served, followed by a twenty-four (24) month term of supervised release to follow. All prior conditions imposed in the original judgment should be reimposed.

Upon release from imprisonment, you must be placed on supervised release for a term of 24 months. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment unless the probation

REPORT AND RECOMMENDATION – Page 2

officer instructs you to report to a different probation office or within a different time frame.

While on supervised release, you must not commit another federal, state or local crime. You must not unlawfully possess a controlled substance. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two other periodic drug tests, thereafter, as determined by the Court. You must comply with the standard conditions that have been adopted by the Court. Additionally, The Court finds the special conditions originally imposed by the Court are still relevant and are reimposed as follows:

You must provide the probation officer with access to any requested financial information for purposes of monitoring your financial activities.

You must not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full.

You must not participate in any form of gambling unless payment of any financial obligation ordered by the Court has been paid in full.

You must not possess or consume any alcoholic beverages.

You must participate in a program of testing and treatment for drug abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing.

You must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing.

REPORT AND RECOMMENDATION – Page 3

You must not possess, send or distribute any mail or package items in any name other than your true and legal name, Graciela Carolina Munoz-Paz, unless the items were mailed to a physical address, post office box, or other mailing address on file with the U.S. Probation Office prior to the date posted on the mailed item.

You must not possess any identifying information or documents in any name other than your true and legal name, Graciela Carolina Munoz-Paz, unless the items belong to a minor child for whom you are legally responsible.

You must not possess any credit cards, debit cards, checks or sequence of numbers attached to an account in any other name other than your true and legal name, Graciela Carolina Munoz-Paz, unless the items belong to a minor child for whom you are legally responsible.

SIGNED this the 15th day of September, 2025.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE